1
2
3
4

Peter B. Schlueter – SBN 155880
SCHLUETER LAW FIRM, PC
454 N Arrowhead Avenue, 2nd Floor
San Bernardino, California 92401
FAX: (909) 381-9238
PHONE: (909) 381-4888
EMAIL: schlueterlawoffice@yahoo.com

5   Attorney for Plaintiff Felix Tellez

6
7

8   **UNITED STATES DISTRICT COURT**
9   **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10   **Felix Tellez** , an individual, | Case No.:  5:23-cv-755 |
| 11   **Plaintiffs,** | |
| | **COMPLAINT FOR DAMAGES** |
| 12   **v.** | |
| 13   **County of Riverside; Deputy Stratton, 4592; Deputy Garcia 5849; Deputy Prajin 5758; Traviz Mountz; and DOES 1 through 10, inclusive,** | 1. Deprivation of Civil Rights - Individual Liability (42 U.S.C. § 1983) |
| 14 | 2. Retaliation for Exercising First Rights of free speech. |
| 15   **Defendants.** | 3. Bane Civil Rights Act (Cal. Civil Code 52.1) |
| 16 | |
| 17 | 4. False Imprisonment and False Arrest |
| 18 | 5. Deprivation of Civil Rights - Municipal and Supervisory Liability (42 U.S.C. § 1983) |
| 19 | |
| 20 | |
| 21 | **DEMAND FOR JURY TRIAL** |

22

23   **COMPLAINT**

24   The plaintiff, FELIX TELLEZ, by and through his counsel, sues the

25   The County of Riverside, Deputy Stratton, 4592; Deputy Garcia 5849; Deputy

26   Prajin 5758; Traviz Mountz  and DOES 1 through 10, and for his complaint states:

27

28

Complaint & Demand for Jury Trial

**JURISDICTIONAL ALLEGATIONS**

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the County of Riverside, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3. As plaintiff's claims brought under California state law arise out of the same transactions and occurrences and out of a common nucleus of operative facts as the plaintiff's federal questions claims, this court has jurisdiction over the plaintiff's California state law claims under its Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367, and otherwise pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

4. Plaintiff FELIX TELLEZ timely filed his Claim For Damages against the County of Riverside or about September 30, 2022, pursuant to the California Tort Claims Act, Cal. Gov't. Code§ 900 et seq. Said claim was been denied by defendant County of Riverside on or about October 27, 2022, less than six months prior to the filing of this instant action.

**GENERAL ALLEGATIONS**

5. Plaintiff Felix Tellez, hereinafter referred to as "Tellez" and/or "plaintiff' and/or is a natural person, who, at all times complained of in this action, resided in the State of California, County of Riverside. He is 61-years-old.

6. Defendant County of Riverside, hereinafter also referred to as "County", is a political subdivision of the State of California and is a municipal entity, located within the territorial jurisdiction of this Honorable Court.

7. Defendant Deputy Straton (First Name Unknown), hereinafter referred to as "Straton", is a sworn peace officer and deputy sheriff with the County of Riverside Sheriff's Department, who, at all times complained of in this

Complaint & Demand for Jury Trial

1    action was acting as an individual person under the color of state law, and was

2    acting in the course of and within the scope of his employment with the Riverside

3    County Sheriff's Department and defendant County of Riverside.

4         8.    Defendant Deputy Garcia (First Name Unknown), hereinafter referred

5    to as "Garcia", is a sworn peace officer and deputy sheriff with the County of

6    Riverside Sheriff's Department, who, at all times complained of in this action was

7    acting as an individual person under the color of state law, and was acting in the

8    course of and within the scope of his employment with the Riverside County

9    Sheriff's Department and defendant County of Riverside.

10         9.    Defendant Deputy Prajin (First Name Unknown), hereinafter referred

11   to as "Prajin", is a sworn peace officer and deputy sheriff with the County of

12   Riverside Sheriff's Department, who, at all times complained of in this action was

13   acting as an individual person under the color of state law, and was acting in the

14   course of and within the scope of his employment with the Riverside County

15   Sheriff's Department and defendant County of Riverside.

16         10.   Defendant Sergeant Traviz Mountz, hereinafter referred to as

17   "Mountz" or "Sgt. Mountz," is a sworn peace officer and deputy sheriff with the

18   rank of sergeant with the County of Riverside Sheriff's Department, who, at all

19   times complained of in this action was acting as an individual person under the

20   color of state law, and was acting in the course of and within the scope of his

21   employment with the Riverside County Sheriff's Department and defendant

22   County of Riverside.

23         11.   Defendants DOES 1 through 6, and 8-9 inclusive, are sworn peace

24   officers and/or deputy sheriffs and/or supervisors and/or investigators and/ Special

25   Officers and/or a dispatchers and/or some other public officer, public official or

26   employee of defendant County of Riverside and/or some other public entity, who

27   in some way committed some or all of the tortious actions (and constitutional

28   violations) complained of in this action, and/or are otherwise responsible for and

Complaint & Demand for Jury Trial

1 liable to plaintiffs for the acts complained of in this action, whose identities are,

2 and remain unknown to plaintiff, who will amend his complaint to add and to

3 show the actual names of said DOE defendants when ascertained by plaintiff.

4        12.    At all times complained of herein, DOES 1 through 6, inclusive, were

5 acting as individual persons acting under the color of state law, pursuant to their

6 authority as sworn peace officers and/or deputy sheriffs and/or Special Officers

7 and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.)

8 and/or dispatchers and/or public officers, employed by defendant County of

9 Riverside and/or some other public entity, and were acting in the course of and

10 within the scope of their employment with defendant County of Riverside.

11        13.    Defendants DOES 7-8, and 10  inclusive, are sworn peace officers

12 and/or Supervisors and/or Commanders and/or Captains and/or Lieutenants and/or

13 Sergeants and/or Detectives and/or other Supervisory personnel (such as) and/or

14 policy making and/or final policy making officials, such as the elected Sheriff of

15 Riverside County, the Undersheriff of Riverside County, the Assistant Sheriff for

16 Riverside County, and other top-level policy making personnel, employed by the

17 County of Riverside, who are in some substantial way liable and responsible for,

18 or otherwise proximately caused and/or contributed to the occurrences complained

19 of by plaintiffs in this action, such as via supervisory liability (i.e. failure to

20 properly supervise, improperly directing subordinate officers, approving actions of

21 subordinate officers), via bystander liability (failing to intervene in and stop

22 unlawful actions of their subordinates and/or other officers), and such as by

23 creating and/or causing the creation of and/or contributing to the creation of the

24 policies and/or practices and/or customs and/or usages of the County of Riverside

25 for: 1) for wrongfully arresting persons; 2) for using excessive/ unreasonable force

26 on persons; 3) for unlawfully seizing and searching persons; 4) for unlawful

27 searching and seizing persons and their personalty/property; 5) for falsely

28 detaining and falsely arresting persons; 6) for interfering with persons' and/or

Complaint & Demand for Jury Trial

1  otherwise violating persons' constitutionally protected right to free speech; 7) for

2  covering-up unlawful and tortious conduct by County of Riverside personnel, and

3  were a proximate cause of the very same federal constitutional violations

4  complained above, and complained of by the plaintiff in this action 8) for

5  fabricating / destroying / concealing / altering / withholding evidence in criminal

6  and civil actions, and for otherwise "framing" persons in criminal actions, in order

7  to falsely and maliciously, oppressively justify the arrests or conviction of

8  innocent persons, to protect them and other deputy sheriffs, public officers and

9  supervisory personnel from civil, administrative and criminal liability; .

10      14.    Plaintiff is presently unaware of the identities of DOES 1 through 10,

11  inclusive, and will amend his complaint to add and to show the actual names of

12  said DOE defendants, when ascertained by plaintiff.

13      15.    At all times complained of herein, DOES 7 through 8, inclusive, were

14  acting were acting as individual persons acting under the color of state law,

15  pursuant to their authority as Deputy Sheriffs and/or Supervisory Officers,

16  Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other

17  Supervisory personnel and/or policy making and/or final policy making officials,

18  employed by the County of Riverside and/or some other public entity, and/ or

19  some other public official( s) with the County of Riverside, and were acting in the

20  course of and within the scope of their employment with defendant the County of

21  Riverside.

22      16.    At all times complained of herein, defendants DOES 7 through 9,

23  inclusive, were acting as individual persons under the color of state law; under and

24  pursuant to their status and authority as peace officers and/or Supervisory peace

25  officers (as described herein, above and below), and/or policy making peace

26  officers, with defendant County of Riverside.

27      17.    Moreover, at all times complained of herein, defendants DOES 1

28  through 10, inclusive, were acting pursuant to, or otherwise contributed to the

Complaint & Demand for Jury Trial

1 creation and maintenance of, the customs, policies, usages and practices of the

2 County of Riverside, for, inter alia: 1) for wrongfully arresting persons; 2) for

3 using excessive/ unreasonable force on persons; 3) order persons to produce

4 identification without a warrant, probable cause, or reasonable suspicion of

5 criminality afoot; 3) for unlawfully seizing persons; 4) for unlawful searching and

6 seizing persons and their personalty/ property; 5) for falsely detaining and falsely

7 arresting persons; 6) for fabricating/ destroying/ concealing/ altering/ withholding

8 evidence in criminal and civil actions, and for otherwise "framing" persons in

9 criminal actions, in order to falsely and maliciously, oppressively arrest or convict

10 innocent persons, to protect them and other deputy sheriffs and supervisory

11 personnel from civil, administrative and criminal liability; 7) for interfering with

12 persons' and/or otherwise violating persons' constitutionally protected right to free

13 speech; 8) for covering-up unlawful and tortious conduct by the County of

14 Riverside personnel, and were a proximate cause of the very same federal

15 constitutional violations complained above, and complained of by the plaintiffs in

16 this action.

17      18.    In addition to the above and foregoing, defendants DOES 1 through

18 9, inclusive, acted pursuant to a conspiracy, agreement and understanding and

19 common plan and scheme to deprive the plaintiff Felix Tellez of his federal

20 Constitutional and statutory rights, as complained of in this action, and acted in

21 joint and concerted action to so deprive plaintiff of those rights as complained of

22 herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United

23 States (Constitutional and statutory) law.

24      19.    Said conspiracy/ agreement/ understanding/ plan/ scheme/ joint

25 action/ concerted action, above-referenced, was a proximate cause of the violation

26 of the plaintiff Felix Tellez ' federal and state constitutional and statutory rights, as

27 complained of herein.

28

Complaint & Demand for Jury Trial

1                       **FACTS COMMON TO ALL CLAIMS**

2        20.    Plaintiff repeats and re-allege each and every allegation in paragraphs

3   1 through 19 of this Complaint with the same force and effect as if fully set forth

4   herein.

5        21.     Plaintiff Felix Tellez is a veteran having served in the marine corp,

6   navy reserve, and California army national guard with combat deployment to the

7   Iraq theater.

8        22.    Plaintiff has no felony of misdemeanor convictions.

9        23.    On or about **June 22, 2022**, Felix Tellez called 911 because an

10  unknown person was pounding on his bedroom window in the early morning, at or

11  after 1:15 am.

12       24.    No law enforcement arrived. After 10-15 minutes Tellez called 911

13  again. He was told by 911 that officers were on the way.

14       25.    No law enforcement arrived. Tellez called again after approximately

15  10 minutes. At that time he asked for a supervisor.

16       26.    He had armed himself, but did not want to use his firearm.

17       27.    Tellez informed the 911 operator that he was armed, and informed

18  them he was prepared to shoot any intruder who came up against him. He did not

19  want to use self-help, however.

20       28.    Tellez spoke to the 911 operator and supervisor and complained

21  about the lack of law enforcement response and its timeliness. The 911 supervisor

22  became increasingly condescending.

23       29.    The 911 operator asked if he would shoot officers. He emphasized

24  that he did not mean officers. The question seemed offensive to Tellez, and he

25  began to realize that the 911 operator and supervisor was being condescending or

26  dismissive, when the 911 supervisor told Tellez that they were "kinda busy that

27  night."

28       30.    Tellez called approximately three to four times after his initial call.

                                          7
                        Complaint & Demand for Jury Trial

1  He had in mind that the unknown person at or near his home would see the police

2  arrival and understand that police would respond; Tellez, though trained in the

3  military, did not want to defend himself.

4       31.    Sheriff's personnel did not arrive to his home for at least 40 minutes.

5  Deputy Stratton, 4592; Deputy Garcia 5849; Deputy Prajin 5758; Deputy Sgt.

6  Traviz Mountz   (who later identified themselves) responded.

7       32.    Tellez was outside when Officers arrived. He had started his truck to

8  use its headlights  to light the house from outside. Once he saw the police arrive,

9  he got on the ground, with hands out near his garage door and trashcans. Police

10  did not order him to get on the ground.  He thought it prudent.

11       33.    Tellez was wearing a loose pair of gym shorts, a tank top, and shower

12  shoes.

13       34.    The four Sheriff Deputies, Deputy Stratton, 4592; Deputy Garcia

14  5849; Deputy Prajin 5758 and Sgt.  Traviz Mountz  , set up 35 yards away, across

15  a vacant lot, and armed themselves with a shotgun, a long gun and other weapons.

16       35.    Tellez was within the bright lights of his house and headlights of his

17  truck when the deputies arrived.

18       36.    When the deputies arrived they used their patrol vehicle's spotlights

19  to further light where he lay.

20       37.    The Sheriff's personnel ordered Tellez via a PA speaker, to walk to

21  the street outside his home, hands up, and then walk backward 25 or more yards.

22       38.    Tellez informed the police that he was the complaining party, that he

23  was the homeowner.

24       39.    The Deputy Stratton, 4592; Deputy Garcia 5849; Deputy Prajin 5758

25  or Sgt.  Traviz Mountz   did not ask Tellez for his name, nor ask for his driver's or

26  identification card, nor did they frisk him, nor they ask him where his weapon or

27  weapons were.

28       40.    Once in handcuffs, Telez became more irritated since he was the

Complaint & Demand for Jury Trial

1 | person calling the police and irritated because  they had been pointing guns at him,
2 | including a shotgun and a long gun. He criticized them crudely for their actions
3 | and lack of professionalism.
4 |      41.    Immediately after being handcuffed Tellez told the Sheriff's
5 | personnel that he would not talk to them. While Tellez did cuss, while calling
6 | them out, Tellez did not voice any threats against the Sheriff's personnel.
7 |      42.    There was no negative history associated with Tellez's home.
8 |      43.    Tellez was complaining about the officers and their late response, and
9 | their his detention, and defacto arrest and handcuffing.
10 |      44.    Tellez complained that if his wife had been alone anything could have
11 | happen to her as they had been so late.
12 |      45.    The officers then asked where his wife was, and he reiterated that he
13 | was not talking to them in handcuffs.
14 |      46.     Sgt.  Traviz Mountz  , ordered several deputies, either  Deputy
15 | Stratton, 4592; Deputy Garcia 5849; or Deputy Prajin 5758 to enter and search
16 | Tellez's residential home.
17 |      47.    Tellez did not give the police permission to enter his home. He
18 | affirmatively told  Sgt.  Traviz Mountz   that the deputies did not have permission
19 | to enter his home.
20 |      48.    Yet the police went to the door, briefly knocked on the closed door,
21 | and then, at the direction of Sgt.  Traviz Mountz , two deputies, either Deputy
22 | Stratton, 4592; or Deputy Garcia 5849; or Deputy Prajin 5758 entered his home.
23 |      49.    The Deputies searched his three bedroom home for approximately 30
24 | minutes. Then searched his trashcans and the deputy with the shotgun took control
25 | over Tellez's cellphone which he had left laying next to the trashcans when he laid
26 | down. The deputies also searched his mailbox and then his truck.
27 |      50.     During this time, Sgt.  Traviz Mountz   and another deputy aided that
28 | entry, by keeping Tellez handcuffed, his movement restrained by color of his

Complaint & Demand for Jury Trial

1  authority and implied use of deadly force.

2    51.    Neither Sgt. Traviz Mountz  or Deputy Stratton, 4592; Deputy

3  Garcia 5849; or Deputy Prajin 5758 and DOES 1-10 searched for the suspect who

4  had pounded on Tellez's window earlier than night. That is, they did not search for

5  the person, or investigate whether the intruder had been at Tellez's home. The Sgt

6  and Deputies (and DOES 1-10) asked no question about the incident.

7    52.    One deputy left guarding Tellez asked if a friend of Tellez's could

8  have been the person knocking on the Tellez's window.

9    53.    Tellez continued to complain about the detention, because, he was the

10  homeowner who had called the police and was now being treated like a criminal.

11    54.    The trashcan the deputies searched was too small for a person to fit,

12  as was the mailbox.

13    55.    The Officers were wearing  body-cameras. Tellez was told that the

14  event was recorded.

15    56.    Tellez continued to complain and repeated he would not speak with

16  the officers until he was taken out of the handcuffs.

17    57.    After the search was completed, Sgt. Traviz Mountz approached

18  Tellez, telling Tellez, 'I wont take you out of the cuffs until you start talking.'

19    58.    Tellez continue to refuse to speak with the officers.

20    59.    No charges filed.  There was no probable cause or reasonable

21  suspicion that Tellez had committed a crime.

22    60.    When he was finally let out of the handcuffs, about an hour later, he

23  asked for name and badge numbers. The Sgt came up to Tellez menacingly.

24    61.    A preservation of evidence letter regarding preserving all audio and

25  video of the event was sent to the Sheriff's department on or about July 11, 2022,

26  within a month of the June 22, 2022 event.

27    62.    Tellez was scared during the event.

28    63.    The Deputies actions made little to no sense.  They did not seem to be

Complaint & Demand for Jury Trial

1  driving at a legitimate legal goal, such as investigating a crime.  It did not seem to

2  be an appropriate response.

**FIRST CLAIM FOR RELIEF**

**Deprivation of Civil Rights – Individual Liability (42 U.S.C. § 1983)**

**(Against Deputy Stratton, 4592; Deputy Garcia 5849; Deputy Prajin 5758;**

**Deputy Traviz Mountz  , and DOES 1through 10)**

**[Unlawful Detention or arrest, excessive force,  and the unlawful and**

**unconstitutional search of Tellez's home, truck, mail box and trash.]**

9  64.    Plaintiff hereby realleges and incorporates by reference the

10  allegations set forth the previous paragraphs, above, paragraphs 1-63, as if set

11  forth in full herein including those in the factual statement in common.

12  65.    Defendants, Deputy Stratton, 4592; Deputy Garcia 5849; Deputy

13  Prajin 5758; Sgt. Traviz Mountz  , and each of them, while acting under color of

14  law, deprived Tellez of rights under the Fourth and Fourteenth Amendments to be

15  secure in his person, be free from excessive force (pointing firearms), an unlawful

16  or prolonged detention, false arrest, and the search of his home, truck, and

17  belongings. The other individual defendants present at the scene authorized or

18  failed to intervene to prevent or minimize the wrongful acts. They also subjected

19  Tellez to excessive force by pointing firearms at him without legal justification.

20  66.    The above acts and omissions, while carried out under color of law,

21  have no justification or excuse in law, and instead constitute a gross abuse of

22  governmental authority and power, shocks the conscience, are fundamentally

23  unfair, arbitrary and oppressive, and unrelated to any activity in which

24  governmental officers may appropriately and legally undertake in the course of

25  protecting persons or property, or ensuring civil order. The above acts and

26  omissions were consciously chosen from among various alternatives and violated

27  clearly established law, which is not subject to reasonable debate.

28  67.    As a direct and proximate result of the aforesaid acts and omissions of

Complaint & Demand for Jury Trial

1  the aforementioned defendants, Tellez was injured in his health and person. He

2  suffered and will continue to suffer mental anguish, fright, nervousness, anxiety,

3  shock, humiliation, indignity, embarrassment, harm to reputation, and

4  apprehension, which have caused Plaintiff to sustain damages in a sum to be

5  determined at trial.

6       68.    The above mentioned individually named and DOE defendants, acted

7  under color of law, and both separately and in concert. Each could have intervened

8  to stop the other from committing or continuing the constitutional violation. The

9  aforementioned acts of those defendants, and each of them, were willful, wanton,

10  malicious and oppressive, with reckless disregard for, with deliberate indifference

11  to, and with the intent to deprive Tellez of his constitutional rights and privileges,

12  and did in fact violate the aforementioned rights and privileges, entitling Tellez to

13  exemplary and punitive damages in an amount to be proven at trial.

14  **SECOND CLAIM FOR RELIEF**

15  **VIOLATION OF RIGHT TO FREE SPEECH/ RETALIATION CLAIM,**

16  **PETITION TO REDRESS**

17  **UNDER THE FIRST AMENDMENT TO THE UNITED STATES**

18  **CONSTITUTION**

19  **[42 u.s.c. § 1983]**

20  (By Plaintiff Felix Tellez Against Defendants Deputy Stratton, 4592; Deputy

21  Garcia 5849; Deputy Prajin 5758; Deputy Traviz Mountz  ; and DOES 1 through

22  DOES 1 through 9, inclusive)

23       69.    Plaintiff hereby realleges and incorporates by reference the

24  allegations set forth the previous paragraphs,  above, as if set forth in full herein

25  including those in the factual statement in common.

26       70.    As shown above, defendants Defendants Deputy Stratton, 4592;

27  Deputy Garcia 5849; Deputy Prajin 5758; Sgt. Traviz Mountz   and/or DOES 1 -5,

28  unlawfully detained or arrested, and used unlawful force by pointing firearms at

Complaint & Demand for Jury Trial

1  Tellez, and then unlawfully searched his home, truck, mailbox, and trash.

2          71.     As discussed above, Plaintiff complained about the officers to 911

3  and complained about the officers failing to arrive I a reasonable period of time.

4  When defendants Deputies Stratton, Garcia, Prajin, Sgt Traviz Mountz and/or

5  DOES 1 -5 and arrived they treated him with disdain for no apparent reason other

6  than he had complained, Then after he either complained about the officers

7  tardiness, or complained about the officers pointing firearms, or holding him in

8  handcuffs, or refusing to speak with him, or refusing to give consent to search the

9  home, and/or complaining about the search they conducted at his home, Deputies

10  Stratton, Garcia, Prajin, Sgt Traviz Mountz and and/or DOES 1 -5 and DOES 8-9

11  retaliated against plaintiff Tellez for engaging in constitutionally protected free

12  speech, speech protected under the First Amendment to the United States

13  Constitution.  Furthermore, defendants Deputies Stratton, Garcia, Prajin, Sgt

14  Traviz Mountz and and/or DOES 1 through DOE 5 and DOES 8-9, knew that the

15  plaintiff Tellez had not committed a crime, yet held him without reasonable

16  suspicion, or arrested him without the benefit of probable cause, and otherwise

17  unlawfully searched his home, truck, mailbox and garbage without his consent and

18  against his express wishes because of his outspoken criticism of the officers.

19          72.     Moreover, defendants Deputies Stratton, Garcia, Prajin, Sgt Traviz

20  Mountz and and/or DOE 1-5 and 8-9,'s actions against the plaintiff Tellez would

21  chill a person of ordinary firmness from continuing to engage in that protected

22  activity.

23          73.     Plaintiff Felix Tellez' protected activity was a substantial or

24  motivating factor in the defendants Deputies Stratton, Garcia, Prajin, Sgt Traviz

25  Mountz and's and/or DOE 1 - 5 and DOES 8-9,  decision to subject Tellez to

26  unlawful and unjustified depravations of his US Constitutional Rights.

27          74.     Said retaliation by said defendants was committed by holding Telez at

28  gunpoint, handcuffing and holding him for almost or more than an hour, searching

Complaint & Demand for Jury Trial

1 │ his home, trucks and mailbox.

2 │    75. As a direct and proximate result of the actions of defendants Deputies

3 │ Stratton, Garcia, Prajin, Sgt Traviz Mountz and and/or DOE 1 - 5and DOE 8-9

4 │ inclusive, plaintiff Felix Tellez was: 1) substantially mentally and emotionally

5 │ injured, 2) incurred attorney's fees and expenses, and 3) incurred other special and

6 │ general damages and expenses associated costs, including lost wages / profits; all

7 │ in an amount to be proven at trial but in excess of $632,185.95, plus punitive

8 │ damages that equal that sum.

9 │ **THIRD CLAIM FOR RELIEF**

10 │ **(Cal. Civ. Code § 52.1; Bane Act)**

11 │ (All Named Defendants  and DOES 1 through 9)

12 │    76. Plaintiff hereby realleges and incorporates by reference the

13 │ allegations set forth the previous paragraphs,  above, paragraphs 1-75, as if set

14 │ forth in full herein including those in the factual statement in common.

15 │    77. In committing the acts alleged above, Riverside Sheriff Department /

16 │ County  employees, Sgt.  Traviz Mountz   or Deputy Stratton, 4592, Deputy

17 │ Garcia 5849, or Deputy Prajin 5758, and DOES 1 through 9, used, threats,

18 │ intimidation and/or coercion that denied Plaintiff his rights as protected under Cal.

19 │ Civ. Code § 43 to protection from bodily restraint or harm, threats of gratuitous

20 │ use of force, and the search of his property, when Plaintiff should have been

21 │ protected from such acts and gratuitous seizures as protected by the Fourth

22 │ Amendment to the United States Constitution, Fourteenth, and Art. I §13 of the

23 │ California constitution, and for his false imprisonment, unlawful restraint,

24 │ excessive force, assault and battery and unlawful threat, thus giving Plaintiff

25 │ remedies under Cal. Civ. Code §§ 52 and 52(b), 52.1(b).

26 │    78. As a direct and proximate result of the aforesaid acts and omissions of

27 │ the aforementioned defendants, Tellez was injured in his mind and person. He

28 │ suffered mental anguish, fright, worry, nervousness, anxiety, shock, humiliation,

14
Complaint & Demand for Jury Trial

1    indignity, embarrassment, harm to reputation, and apprehension, which have

2    caused Plaintiff to sustain damages in a sum to be determined at trial.

3        79.    The entity defendants are vicariously liable for the Bane Act

4    violations of their employees pursuant to Cal. Gov't Code § 815.2(a).

5        80.    The above mentioned individually named defendants and DOE

6    defendants, acted under color of law, and both separately and in concert, directly

7    and knowingly aiding one another. Each could have intervened to stop the other

8    from committing or continuing the constitutional violation. The aforementioned

9    acts of those defendants, and each of them, were willful, wanton, malicious and

10   oppressive, with reckless disregard for, with deliberate indifference to, and with

11   the intent to deprive Tellez of his constitutional and statutory rights and privileges,

12   and did in fact violate the aforementioned rights and privileges, entitling Tellez to

13   exemplary and punitive damages in an amount to be proven at trial.

14                          **FOURTH CLAIM FOR RELIEF**

15          **FALSE IMPRISONMENT / DETENTION AND FALSE ARREST**

16                            **(State CAUSE OF ACTION)**

17      **(AGAINST The County of Riverside as employer to All Named Defendants**

18                          **and DOES 1 through 10)**

19       81.    Plaintiff hereby realleges and incorporates by reference the

20   allegations set forth the previous paragraphs,  above, paragraphs 1-80 as if set

21   forth in full herein including those in the factual statement in common.

22       82.    In committing the acts alleged above, Riverside Sheriff Department /

23   County  employees, Sgt.  Traviz Mountz   or Deputy Stratton, 4592; Deputy

24   Garcia 5849; or Deputy Prajin 5758, and DOES 1 through 9, used, threats,

25   intimidation and/or coercion to detain, arrest and otherwise falsely imprisoned

26   Tellez as stated elsewhere herein, without legal justification and in violation of his

27   rights as enumerated in the Fourth Amendment to the United States Constitution,

28   Fourteenth, and Art. I §13 of the California constitution.

Complaint & Demand for Jury Trial

83.    These acts included the threat to use, and the use of force (pointing a firearm at Plaintiff) and handcuffing Tellez, and then keeping Tellez in handcuffs for an hour or more under the threat of force.

84.    Tellez was injured in his mind and and person. He suffered mental anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiff to sustain damages in a sum to be determined at trial.

85.    The entity defendants are vicariously liable for these acts pursuant to Cal. Gov't Code § 815.2(a).

86.    The above mentioned individually named defendants and Doe defendants, acted under color of law, and both separately and in concert. Each could have intervened to stop the other from committing or continuing the constitutional violation. The aforementioned acts of those defendants, and each of them, were willful, wanton, malicious and oppressive, with reckless disregard for, with deliberate indifference to, and with the intent to deprive Tellez of his constitutional rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling Tellez to exemplary and punitive damages in an amount to be proven at trial.

**FIFTH CLAIM FOR RELIEF**

**VIOLATION OF 42 U.S.C. § 1983**

**Monell[1] Liability / Supervisory Liability**

**(By Plaintiff against Defendants COUNTY**

**and DOES 1 through 10, inclusive)**

87.    Plaintiff hereby realleges and incorporates by reference the allegations set forth the previous paragraphs,  above, paragraphs 1-80 as if set forth in full herein including those in the factual statement in common.

---

[1] *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978).

16

Complaint & Demand for Jury Trial

88.     The actions of the defendant peace officers complained of above were done pursuant to the policies and/or practices and/or customs and/or usages of the County of Riverside for: 1) wrongfully and unconstitutionally killing persons; 2) using excessive / unreasonable force on persons; 3) unlawfully searching and seizing persons; 4) unlawful searching and seizing persons' homes and effects / personal property; 5) falsely arresting and falsely imprisoning persons; 6) fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions; 7) "framing" / attempting to "frame" innocent persons in criminal actions[2], 8) violating and interfering with persons' constitutionally protected right to free speech and right to petition the government for redress of grievances; 9) violating, interfering and depriving persons of their of constitutionally protected parent child relationships; 10) covering-up unlawful and tortious conduct by the County of Riverside sheriff deputies/officers and other County personnel, and were a proximate cause of the same California state law, and federal constitutional violations complained of by the plaintiff in this action.

89.     Ultimately, acts such as those discussed herein can be avoided with proper training and the supervision. Respect for individual rights, professionalism and ethical conduct are key. Behavior of those at the bottom of a chain of command come from the top through leadership and example.

90.     As a direct and proximate result of the actions of defendants County of Riverside that encouraged or allowed the acts of its employees and supervisors and DOES 1 through 10 inclusive, plaintiff Felix Tellez: 1) was substantially suffered mental and emotional injury, humiliation, fright, worry, distress, and incurred other special or general damages and expenses, in an amount to be proven at trial, or in excess of $632,185.95

---

[2]To protect themselves and other deputy sheriffs and supervisory personnel from civil, administrative and criminal liability.

Complaint & Demand for Jury Trial

1       **PRAYER**

2   **WHEREFORE**, Plaintiff requests relief as follows, according to proof, against all

3   Individual and the County of Riverside, and such DOE defendants as identified:

4           1. General and compensatory damages in an amount according to proof;

5           2. Special damages in an amount according to proof;

6           With a general and special damages combined estimated in excess of

7   $632,185.95.

8           3. Punitive damages against each individual and DOE defendant, but not

9           against the County of Riverside, in an amount according to proof;

10          4. As to the Third, for general and special damages and statutory fees, and

11  any such damages, enhancements and civil penalties as determined or expressed

12  by California Civil Code 52(a) or (b); and 52.1, as applicable and appropriate.

13          5. Costs of suit, including attorneys' fees, under 42 U.S.C. § 1988; and

14          6. Such other relief as may be warranted or as is just and proper.

15

16  Dated: April 27, 2023                    SCHLUETER LAW FIRM, PC

17

18                                           By:            /s/ Peter Schlueter
                                             Peter B. Schlueter, Attorney for
19                                           Plaintiff Felix Tellez

20

21                  **DEMAND FOR JURY TRIAL**

22  Plaintiff demands trial by jury.

23

24  Dated: April 27, 2023                    SCHLUETER LAW FIRM, PC

25                                           By:            /s/ Peter Schlueter
                                             Peter B. Schlueter, Attorney for
26                                           Plaintiff Felix Tellez

27

28

18

Complaint & Demand for Jury Trial